# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION.

**FILED**

JUN 2 4 2014

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| CHANCE CLYCE, DONNA CLYCE, MARK CLYCE, ET. AL., and on behalf Of all those similarly situated, §§§§§§§§ | |
| PLAINTIFFS | |
| v. | |
| | **A14CV0588 LY** |
| NADINE BUTLER, individually and In her official capacity, LESLY JACOBS, individually and in His official capacity, KEVIN DUBOSE, individually and In his official capacity, CONRAD JONES, individually and In his official capacity, UKNOWN STAFF at the HUNT CO. JUVENILE DETENTION CENTER, in their official and individual capacities, TEXAS JUVENILE JUSTICE DEPARTMENT; and UNKNOWN STAFF at the TEXAS JUVENILE JUSTICE DEPARTMENT, formerly Texas Juvenile Probation Commission Texas Youth Department, in their official | **COMPLAINT** |

And individual capacities,

FREDERICK FARLEY, individually and in his

Official capacity, formerly in 2008,

and; (Supervisor and Investigator

of Hunt County Juvenile Detention

Resident Complaints in March 2008

And beyond),

KENNETH WRIGHT, individually and in his

Official capacity,

SHANIGIA WILLIAMS, individually and in

Her official capacity,

And any other unknown Juvenile Detention

Employees, in their official and

individual capacities.

UNKNOWN, TJJD EXECUTIVE

DIRECTOR, individually and in

His official capacity,

DEFENDANTS.

2.

# COMPLAINT

Plaintiff Chance Clyce, Donna Clyce and Mark Clyce et al, individually and on behalf of those similarly situated who were, are, and will be incarcerated in the facilities of Defendant Texas Juvenile Justice Department, files this suit against the Defendants and would show:

## STATEMENT OF THE CASE

1.  Plaintiffs Chance Clyce, Donna Clyce, Mark Clyce, et. al., individually and on behalf of those similarly-situated, complains that the Texas Juvenile Justice Department ("TJJD") and its current and former staff routinely violate the federal Statutory and constitutional rights of children incarcerated in TJJD Facility Hunt County Juvenile Detention Center, and in short, relegated their youthful lives to Being abused, physically and sexually, and when they make formal complaints they are ignored with an investigation report that states, **there is no evidence**, or it **does not meet the definition**.  Nothing is done to help them with their complaints, they are just ignored, even though they make formal complaints about the abuse. There are approx. 37 prior formal complaints made against the Hunt County Juvenile Detention Center which include sexual abuse, physical abuse, physical abuse when restrained, and other abuses.  None of these abuses were investigated to be real abuse situations, and these children say they were abused, but, nobody helped them, and they denied them due process under the Fourteenth Amendment to the United States Constitution through employees custom, policy, and individual action.  **TJJD, and Hunt County Juvenile Detention Center Investigators failed to protect their Residents. The approx. 37 prior complaints investigation outcomes states "no evidence" or "does not meet the definition",**

**all of them that were on the "use and Neglect Statistics, FY 1998 – FY 2011, for the Hunt County Juvenile Detention Center, but one that was exonerated by Frederick Farley Investigator/Supervisor of the Hunt County Juvenile Detention Center prior, during year 2008, and possibly after.**

In 2008, the Hunt County Juvenile Detention Center investigations were done by the same person that supervised the center.  Frederick Farley, a Hunt County Juvenile Detention Center Supervisor/Investigator.  In March 2008, TJJD Formerly TJPC/TYC monitored their investigation reports, but, they did nothing When investigation reports kept coming to them about abused children, and there was no evidence found, or Hunt Co. Juv. Det. Center Investigator said it did not meet the definition.

TJJD formerly TJPC/TYC *just kept accepting the abuse reports* with no evidence or that did not meet the definition and did not question the credibility of the Hunt County Juvenile Detention Investigator.   TJJD formerly TJPC/TYC should have seen a red flag when so many abuse cases came to them from the Hunt County Juvenile Detention Center with no evidence, or did not meet the definition.  Instead, TJJD formerly TJPC/TYC just turned a blind eye to the abuse allegations.  *Pls. See Exhibits "A" and "B".*
There are 8  Sexual Abuse Complaints,  5  Sexual Abuse Complaints non contact, 21 Physical Abuse complaints, 17 Physical Abuse Complaints with a Physical Restraint,  5 other complaints.   None of these complaints were found to be real or valid complaints according to the Hunt County Juvenile Detention Center Investigator.  This did not concern TJJD former TJPC/TYC investigators, they just took the complaint investigations, and accepted them to be the truth, instead of worrying that some minor children residents of the Hunt County Juvenile Detention Center may be telling the truth about being abused, since there were so many formal abuse complaints that were made against the Hunt County

4.

Juvenile Detention Center, and none were found to be valid.  This is a violation of the minor children's Civil and Human Rights.  TJJD employees, through custom, policy, and individual action routinely allow minor children's complaints to be ignored, and subjected minor children to cruel and unusual punishment in violation of the Eighth, and Fourteenth Amendments of the United States Constitution and Article 1, Section 10 of the Texas Constitution, and ignored their claims of abuse when they spoke up about the abuse and problems that they had while they were in the Hunt County Juvenile Detention Center in violation of the First and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Texas Constitution.  These claims are brought through 42 U.S.C. § 1983.  Investigation Reports (2), ANE-12-0469, ANE-12-0140 disp. Date 3-4-14.

1. Defendant Lesly Jacobs the second TJJD investigator that investigated Chance Clyce's report of being given 2 blue pills by a Hunt Co. Juv. Det. Officer on or about 3-3-2008 in the Hunt Co. Juvenile Detention Center, was biased towards the Hunt County Juvenile Detention Center, and stated that although Chance Clyce was found to have barbiturates in his body, there is not any evidence that he obtained the barbiturates from the Hunt County Juvenile Detention Center Officer.  Chance Clyce was kept in his cell mostly from 3-4-2008 until 3-12-2008.  Chance Clyce arrived at the Hunt County Juvenile Detention Center on 2-25-2008, and he left on 3-12-2008 with the Ellis County Juvenile Services Officers who diverted him from Court to the Baylor ER in Waxahachie Texas.  Chance Clyce was on respirdol, an orange pill which is NOT a barbiturate.

2. Although Chance Clyce told a medical provider at the Baylor ER in Waxahachie that he was **punched in the leg** also, listed on the Baylor medical records, Investigator Jacobs totally ignored the Baylor Medical Records which stated this. Lesly Jacobs also ignored the 3-3-2008 incident report that Kenneth

Wright wrote.

Kenneth Wright, Hunt County Juvenile Detention Officer, wrote on his incident report of 3-3-2008, that it took him 3 times to restrain Chance to get into his cell on 3-3-2008, and Chance could no longer walk on 3-4-2008. Lesly Jacobs was indifferent to Chance Clyce's claims that he was also punched in the leg, written on the Baylor Medical Records, and he only focused on that Chance said he fell off of the single bunk. There was not a top bunk. *Pls. See Exhibit D., Page 7.*

3. Chance Clyce had barbiturates in his body, per the Baylor ER Doctors in Waxahachie Texas that the Ellis County Juvenile Services took him to on March 12, 2008.

4. The TJJD Investigator Lesly Jacobs, did not request a copy of the video from the Hunt County Juvenile Detention Center, which there is for sure one, nor did not focus on the really bad physical shape that the Baylor medical records, and the Medical City Dallas Texas medical records, mentioned that Chance was in, that he was very dehydrated, bruised, could not walk, his liver and kidneys were shutting down, he had no platelets, he had stopped producing red blood cells, and that he was in septic shock from the MRSA.

5. Donna Clyce sent to Nadine Butler on the first investigation done by TJJD copies of the Baylor Medical Records, and of the Medical City Dallas Medical Records. The Cook Children's medical records were too large to send of approx. 3 weeks in ICU, and approx. 3 months stay in the Cooks Children's Medical Center in Fort Worth Texas.

6. Chance Clyce just had a hip replacement, and the other 8 septic joints with MRSA may have to be replaced at an early age. The Hip Replacement was done in November 2013, and his joint by his pelvis, which was also septic with MRSA just collapsed recently, causing him pain, and his right hip also has damage to it.

6.

7.  Chance Clyce will also have to have more hip replacements.

8.  Chance Clyce had to have opened heart surgery in Jan. 2009 from damage to his heart valve from the Septic MRSA in his heart, and he had 2 heart surgeries in the Cooks Children's hospital in March 2008.

9.  Chance Clyce had to have 6 surgeries on 8 septic joints to save is life at the Cooks Children's hospital while he was in ICU in March 2008, and he has had several hip surgeries between  the time he left the hospital in 2008, Cooks, and now, 2014.

10.  Chance Clyce got a broken jaw in the Hunt County Juvenile Detention Center, and it grew back crooked, he had to have major surgery on that also in 2010. He complained on many hospital records of his jaw hurting in 2008.

11.  Chance Clyce has daily pain and arthritis now, and he must take very strong medications, and he has life long injuries from Hunt County Juvenile Detention Centers Medical Treatment Delay, and lack of training, following/and not following their own policies, and neglect. Chance Clyce sees an orthopedic surgeon, a heart specialist, and a pain management doctor regularly, and he will have to for the rest of his life.

12.  On the second investigation report of Chance Clyce there are many errors, the Investigator is not trained properly, and he makes derogatory statements about Donna Clyce, and Chance Clyce, he is indifference to Chance by focusing on some psyche Issues instead of the horrible physical shape Chance was in Per the Baylor and Medical City medical records.  If Hunt County Juvenile thought Chance was having psyche issues, why did they NOT contact their on call Psychiatrist, Doctor, Nurse, or Physicians Assistant prior to March 7, 2008, when Chance first complained Of pain on March 4, 2008.  Chance Clyce should have been taken to the

emergency room, instead of letting the Juvenile Detention Officers, who were not trained and properly supervised to make Medical decisions.  The delay caused Chance to become septic with the MRSA.  Chance Clyce was left in his cell with Broken Bones, MRSA, in Septic Shock, and barbiturates in his body For 7 days after he first complained of pain, in violation of policy or standard 343.338, and policy or standard 343.326.  Medical Isolation and Medical Referral For residents and Lesly Jacobs ignored these policies.  Hunt County Juvenile Investigator and TJJD Investigator were indifferent to Chance. Policy or standard 343.288 Disciplinary seclusion was also ignored, a resident is Not to be placed on solitary confinement for a minor offense of talking. On the Comet Report of Hunt Co. on 6-22-2011 Hunt Co. Juv. Got Non-compliance for putting residents D.B., E.J., and R.C. in solitary Confinement for minor offenses.

13.  Lesly Jacobs states that the Baylor ER Physical Therapist appeared to be doing a Psyche Evaluation instead of a Physical Therapy Evaluation, which could not be possible.  Chance Clyce could not walk, and a Physical Therapist would not be doing a Psyche Evaluation. On the Cook's Children medical records Dr. Nigretti, a psychiatrist States that Chance did not seem bipolar, and that she thinks Something really bad happened to Chance in the Hunt County Juvenile Detention Center.

14.  Although, Frederick Farley of Hunt County Juvenile Detention Center lied on the first investigation report, and stated that Chance Clyce never complained of pain to any of his employees, nothing was done to him, and this was ignored by the Investigator Lesly Jacobs. Frederick Farley was the Supervisor, and the Investigator of Hunt County Juvenile Resident Complaints.

8.

15.  Although Frederick Farley was found in non compliance, he was  NOT punished for this, nor was it put on his record.  There were many incident reports on Chance Clyce that were dated later than 24 hours, which is the required time to turn in report. This is stated in the 2nd investigation done by TJJD by Lesly Jacobs, disp. date of 3-4-2014.

16.  Defendant Frederick Farley a current TJJD employee from the Hunt County Juvenile Detention Center suppressed reports to the TJJD Investigators about Chance Clyce's reports of being in pain, per the first Investigation report done by the then Supervisor and Investigator of complaints from the Hunt County Juvenile Detention Center Residents, Investigation Report ANE-12-0469.  These claims are brought pursuant to 42 U.S.C. § 1985(2).

17.  Frederick Farley also lied on the second investigation report to TJJD Investigator Lesly Jacobs, disp date of 3-4-2014. ANE-12-0140.

## JURISDICTION AND VENUE

18.  This Court has jurisdiction over Plaintiffs claims under 28 U.S.C. § 1331, 2201.

19.  Venue is proper in this Court under 28 U.S.C § 1391(a)(1) & (2) Because TJJD's Central Office and operational, decision-making center is located in this judicial district, because some of the Defendants reside in this district, and because incidents of negligence and incorrect Hunt County Juvenile Detention Center Minor Children Resident Complaint investigations took place within this judicial district.  Plaintiff further invokes supplemental jurisdiction of this Court pursuant  to 28 U.S.C. § 1367(a) to consider his state law claims.  In 2008, TJPC/TYC now TJJD used Compliance Monitoring Enforcement Tracking

System abbreviated (COMETS) to Monitor Hunt County Juvenile Detention Centers Performance Rating. They use NON-Compliance if they are not following Policies and Standards correctly. **Policy or Standard 343.338  Medical Isolation, 343.326, Disciplinary Seclusion, 343.278, Medical Referral, 343.326 ARE ALL IN THE COMET standard, rules and regulations.**

## PARTIES

20.  At the time of below – described incidents, Chance was a resident in the Hunt County Juvenile Detention Center.  Similarly situated-children were also in The Hunt County Juvenile Detention Center past, present, and future.  There are many prior Hunt County Juvenile Detention Residents that have made formal complaints of sexual abuse, contact and non contact, and physical abuse, with a Physical restraint and just physical abuse.

21.  Defendant TJJD is an agency of the State of Texas.

22.  Hunt County Juvenile Detention Center is an agency of the State of Texas.

23.  In all actions described herein Defendants each were acting under color Of law and pursuant to legal authority.  Each was an employee or contractor of TJJD, or Hunt County Juvenile Detention Center, and such, were responsible for Upholding the laws of the United States and the State of Texas.  They each are sued for damages, injunctive, and declaratory relief.

24.   Defendant Interim executive director David Reilly for TJJD.  He is sued for injunctive and declaratory relief only.  He can be served at TJJD's central offices, 11209 Metric Blvd., Austin, Texas 78758.

25.   Lesly Jacobs, Investigator for TJJD, can be served at TJJD, 11209 Metric Blvd., Austin, Texas 78758.

10.

26.     Frederick Farley, Investigator and Supervisor for Hunt County Juvenile Detention Center, can be served at 11209 Metric Blvd., Austin, Texas 78758.

27. Kenneth Wright, Hunt County Juvenile Detention Officer, can be served at 11209 Metric Blvd., Austin, Texas 78758.

28. Shanigia Williams, Hunt County Juvenile Detention Officer, can be served At 11209 Metric Blvd., Austin, Texas 78758.

29. Nadine Butler, can be served at 11209 Metric Blvd., Austin, Texas 78758.

30. Conrad Jones, can be served at 11209 Metric Blvd., Austin, Texas 78758.

31. Kevin Dubose, can be served at 11209 Metric Blvd., Austin, Texas 78758.

## CLASS ACTION

32. Chance and the similarly-situated class members comprise of approximately 37 prior residents of the Hunt County Juvenile Detention Center that have made complaints against the Hunt County Juvenile Detention Center since 1998, the number is variable, as there could be other prior residents that were abused at the Hunt County Juvenile Detention Center. Their complaints of abuse were ignored by the Hunt County Juvenile Detention Center Investigator, and the TJJD Investigator, and put aside as "does not meet the definition", or "there is not evidence of abuse", as in Chance Clyce's formal complaints. There are so far 8 complaints of sexual abuse contact, 5 complaints of sexual abuse non-contact, 17 complaints of physical abuse with restraint done on the resident, and 21 complaints of physical abuse only done on the resident. These are all formal

complaints made against the Hunt County Juvenile Detention Center employees that were put aside as not valid complaints, but, as "no evidence', or "does not meet definition", these children did make formal complaints, and they were not investigated properly, and we respectfully request that their names are given to an unbiased 3rd party to **Re-investigate** these prior minor children's formal complaints of abuse.

32.  Questions of law and fact are common to this class, namely:

   a.  TJJD denies a valid investigation of minor residents claims and does nothing to protect these minor residents, by saying there is "NO EVIDENCE", or "Does not meet definition", and then these formal complaints are filed away, the child's abuse allegations are ignored.

33.  Chance Clyce and the class member's claims as described herein are Typical of the class.  Together, Chance and the class members support their Theories for injunctive and declaratory relief on the same legal theories alleged in This case.

34.  It is our desire that the Judge will appoint a 3rd party that will fairly and adequately protect the interests of the other class members.  This Class Action may be properly maintained under the Federal Rules of Civil Procedure 23(b)(2) because Defendants' conduct pursuant to their procedures, policies, and/or practices denied Chance and the class members their Constitutional rights and final declaratory relief will settle the legality of the Defendants' challenged procedures, policies, and actions for the class as a whole.  They failed to protect the Hunt County Juvenile Detention Center residents, by NOT investigation their claims of abuse in detail, and not believing they were true. TJJD formerly TJPC/TYC has a duty to contact CPS also, because, the children said that they were abused, as an official having custody over minor children, and they did not contact CPS to our

12.

knowledge, because the abuse allegations were ignored.  They allowed the minor's formal complaints against Hunt County Juvenile Detention  Center to be filed away, with no further investigation done on them, even though there are approximately 37 complaints of sexual abuse, and physical abuse, the Investigators state that they "do not meet the definition", or "there is no evidence".  Obviously this is a pattern of abuse in itself, and failure to protect.

35.  Chance Clyce also brings his own claim for damages as an individual for the physical injuries, and mental injuries that he suffered while a resident at the Hunt County Juvenile Detention Center, and also while he was in the hospital, pain and suffering from all of the surgeries, and being crippled and disfigured, past, present, and future.  TJJD/TYC monitors Hunt County Juvenile Detention Center's paperwork and reports now, and they also did in 2008, 2009, 2010, 2011, 2012, 2013, and 2014. TJPC/TYC.

36.  Donna and Mark Clyce also bring claims for damages as individuals for Mental anguish and suffering from the lack of training, supervision, medical neglect, and abuse that TJJD formerly TJPC/TYC allowed Hunt County Juvenile Detention Center Employees, Investigators, Administrative Employees to get away with, causing Chance Clyce, their son's, permanent, life long injuries, past, present and future.

Chance Clyce's body was normal when he entered the Hunt County Juvenile Detention Center and he was perfectly healthy also when he entered the Hunt County Juvenile Detention Center on 2-25-2008 now it is disfigured, injured, and scared.

## FACTS

37. On 3-3-2008 Chance Clyce was talking and on the 2nd shift incident

report, a Hunt County Juvenile Detention Center Officer, Kenneth Wright wrote

that it took him 3 times to get Chance into his cell, because, he broke a minor

violation, talking.  This is not a violation that they are supposed to put resident into

solitary confinement for, yet Kenneth Wright did, he also moved Chance's cell

from B-111 to C-126.  **Kenneth Wrights 3-3-2008 Incident report was never**

**mentioned in Butler's or Jacobs TJPC/TYC or TJJD Investigation Reports.**

A Hunt County 3rd shift employee found Chance in a new cell with no bedding,

when he came on duty about 11:00 p.m. on  3-3-2008 is the date that Chance Clyce

believes the Hunt County Juvenile Detention Center Officer gave him 2 blue pills

when he came back from getting a prescription refill with Ellis County Juvenile

Officer Darrin Ray shortly after noon on 3-3-2008.  Chance Clyce first complained

Of Pain on 3-4-2008, and he said it felt like his leg was out of his socket.  Chance

Clyce also told the Baylor Doctor that he was punched in the leg, it is on the

Medical records that Chance Clyce said this, and Lesly Jacobs, nor Nadine Butler

Never mentioned this.  Donna Clyce sent them the Baylor and Medical City

Records.  Chance was sent from Baylor ER in Waxahachie Texas, by ambulance

To Medical City Dallas Texas, then by ambulance he was sent to Cooks Children's

Hospital in Fort Worth Texas, where he stayed in ICU for about 3 weeks, and he

Stayed in the Cooks Children's Hospital for about 3 months, he came very close

To death.  Chance Clyce was in Septic Shock when he came out of the Hunt

County Juvenile Detention Center, he could not walk without help, he was very

Dehydrated, bruises all over him, his liver and kidneys were shutting down, he

Had stopped producing red blood cells, he had broken bones, he had stopped

producing red blood cells, he complained his jaw hurt, he had 9 septic joints

from MRSA, which started in his left destroyed hip joint.  He had to have 6

surgeries on 8 septic joints, the MRSA was in his heart, he had to have 2

heart surgeries in the hospital, and in 2009 he had to have opened heart

surgery to fix a large hole that the MRSA put in his mitral valve. Chance just had a hip replacement, and he had several stem cell surgeries, as he could not rotated his leg before the hip replacement, nor raise it more than 3 to 5 inches from March 2008, until November 2013. Chance will require more surgeries in the future. Another one of his septic joints just collapsed recently, the damaged one right next to his tailbone, on the right side. It was also septic with MRSA, but, there is not a replacement available for it. He now has scoliosis from his hips being crooked for so many years, and he is in pain daily. He sees a pain management doctor and he is on very strong medicine for the pain. His right hip was also septic and damaged, this is just one of the 9 joints that were septic with the MRSA.

38. Chance Clyce had MRSA not just Staph infection, which is usually A rash. Chance Clyce did have a staph rash before, but, he was taken to His doctor and it cleared up with cream. When Chance got tattoos without His parent's consent, he was taken to the Doctor, and they drew blood, and He did not have MRSA at the time he got the tattoos, approximately Oct. 2008. Chance Clyce had been taken to the doctor within a couple of Weeks of going to the Hunt County Juvenile Detention Center, and He checked out just fine. Chance was not sick or unhealthy when He entered the Hunt County Juvenile Detention Center on 2-25-2008.

39. On the intake form, that Kenneth Wright did, he wrote down That Chance Clyce weighed 79 pounds, this is not the truth, it was more Like 95 pounds when he entered the Hunt County Juvenile Detention Center On 2-25-2008. Butler or Jacobs, did not look very closely at the incident Reports that the Hunt County Juvenile Detention Officers did. If they Had of they would have noticed that Kenneth Wright wrote on his incident

Report of 3-3-2008 that it took him 3 times to restrain Chance to go into

His cell for a minor offense, not allowed for solitary confinement by policies

Of Hunt County Juvenile Detention Center, and TJJD formerly TJPC/TYC.

Kenneth Wright's incident report about this was written on 3-3-2008, Chance

Clyce first complained of pain on 3-4-2008 that he could not walk, and he was

In pain.  There is an incident report made by a Hunt County Juvenile Detention

Center Employee of about 3-4-2008, stating that Chance Clyce was walking funny.

Policy number 343.338 states that a resident must be taken to see a nurse, doctor,

Or physicians assistant within 12 hours of being medically confined, Chance Clyce

Was medically confined for a lot more time than 12 hours.  Chance Clyce was

Not taken to get medical treatment until 3-10-2008, and there is not a nurse on

Duty at the Hunt County Juvenile Detention Center, a medical authority is

NOT a physician, nurse, or physicians assistant.  Chance Clyce does not remember

Ever seeing a medical authority, and he was not supervised or monitored correctly

While he was in medical isolation, they call it room therapy, or non program for

Pain.  They were not trained properly.

    40.  There were two investigations done.  One by the Hunt County Juvenile

Detention Center, Supervisor and the same man is the Investigator of Hunt County

Resident Complaints.  His name is Frederick Farley.  On the first investigation

Report, Mr. Farley states that "Clyce never complained of pain to any of his Hunt

County employees".  If you will look at the "report on Chance, you will see that

This is not the truth, *Pls. See: Exhibit C.*  On the second investigation report

Made by Lesly Jacobs, disp. date of 3-4-2014, Mr. Frederick Farley lied again to

The TJJD investigator Jacobs, saying that she did not get the appeal filed in time.

Mr. Frederick Farley needs more training, and also, he was not found in

non-compliance for turning in reports in 24 hours, like they are supposed to be

Done.  There are also a lot of incident report that have a date of greater

Than 24 hour turnaround on them.

41. On the second investigation report done by TJJD employee Lesly Jacobs, he states that on the medical records that the Physical Therapist Seems to be doing a Psyche evaluation instead of a Physical Therapy Evaluation. This would not be the case in a hospital, and Mr. Jacobs Needs more training in this area of analyzing medical records, and investigating Resident complaints, as Chance Clyce could not walk. A psychiatrist or Psychologist would be doing the psyche evaluation. Chance Clyce Was in septic shock, and he had barbiturates in his body per the Baylor ER doctors, and he stated that he had been given 2 blue pills by a Hunt County Juvenile Detention Center Officer. He had been in the Hunt County Juvenile Detention Center since 2-25-2008, and he was only released To the Ellis County Juvenile Services Officers on 3-12-2008, then he Was transferred to Medical City Dallas from Baylor Hospital in an Ambulance, then to Cooks Children's Hospital in Fort Worth Texas in an Ambulance. TJJD Investigators need more training in the area of Being more unbiased towards resident complaints. A child is reaching Out for help when they say that they have been abused, and to us, it Appears that the Hunt County Juvenile Detention Center and the TJJD formerly TJPC/TYC investigators think that these children Are just little lying criminals, and could not possibly be telling The truth when the resident states that they have been abused. Chance Clyce was arrested and questioned for 6 burglaries, but, He WAS NOT convicted of them, they were all dropped, he Was only convicted of a trespassing charge. It was not Necessary for the Investigator Lesly Jacobs to even mention This in his investigation report, as Chance Clyce was very

ill, and made claims that he was abused, neglected medical
Treatment, and ignored by the Hunt County Juvenile Detention
Center employees, and to us, it appears that he is biased on
The investigation report towards Hunt County Juvenile Detention
Center officials, and employees.  He needs more training in
The area of investigations, because, he did not pull the actual incident reports, nor
get the video that was available, he just believed Frederick Farley's
statements,  a man that he had been informed by Donna Clyce that he had
Lied on the investigation reports, and Jacobs just ignored the fact that
Supervisor/Investigator Frederick Farley lied and told TJPC that Clyce
Never complained of pain to any of his employees.  Jacobs continued
To take his statements, instead of getting the actual incident reports and
Video that was available.

    42.  On 3-8-2008, Shanigua Williams, a Hunt County Control Supervisor,
contacted Ellis County Juvenile Services about Chance Clyce complaining of pain
And then Chatrina Johnson from Ellis Co. Juvenile Services called her back and
Told her that her boss Chris Aldema told her that if Chance was sick to take him to
The Emergency Room if he needed to go.  Shanigua Williams did not take Chance
To the Emergency Room to get medical treatment.  It is against their policy for
A control room supervisor to be supervising the residents.

    43.  Hunt County Juvenile Detention Center has received many
non-compliances on their COMET reports over many years from the TJPC/TYC
now TJJD.

    44.  Nadine Butler, Lesly Jacobs, deliberately indifferent to Chance's right
to be protected from harm by not pulling all of the Incident reports and videos for
their investigation, and violated children's statutory and constitutional rights.

    45.  Frederick Farley was deliberately indifferent to Chance's right to be

protected from harm by lying on the first and second investigation reports, and violated children's statutory and constitutional rights.

## CAUSES OF ACTION
## I. DUE PROCESS OF LAW

46.  TJJD formerly TJPC/TYC and Hunt County Juvenile Detention Center employees routinely deprive children in their custody of their constitutional right of due process of law, as required by the Fourteenth Amendment to the United States Constitution by not investigating their abuse forma complaints in detail, and Writing in the complaint detail "does not meet definition", or "there is no evidence of the abuse allegation".  This is shown by approximately 37 prior formal complaints filed against the Hunt County Juvenile Detention Center from 1998 onward, and the outcome of the complaint states either "does not meet the definition" or "there is no evidence", these complaints are then sent to TJPC/TYC and now to TJJD, and they approve the investigation reports.  TJJD, formerly TJPC/TYC should have reinvestigated these formal abuse complaints, there should have been a red flag go up in their minds and they should have been concerned that children are getting abused repeatedly, and nothing is being done about it. They were deliberately indifferent to the resident at the Hunt County Juvenile Detention Center that made these formal complaints, including Chance Clyce, who is also A former resident at the Hunt County Juvenile Detention Center. Defendants were deliberately indifferent to the children's rights to be protected From harm, and failed to protect them, and defendants are required to report If a child tells of abuse to them to CPS, as required by Texas Family Code 261.101.

## II. CONSPIRACY TO VIOLATE CIVIL RIGHTS
## OF MINOR CHILDREN

47. Defendants conspired to violate former residents of the Hunt County Juvenile Detention Center that made formal abuse claims, including Chance Clyce.

## III.   FAILURE TO PROVIDE MEDICAL ATTENTION

48. Policy or standard number 343.338 states that a resident should be taken To see a physician, nurse, or physicians assistant within 12 hours of being medical confined. It does not say to a medical authority, and Chance Clyce Never saw a medical authority prior to 3-10-2008. He first complained of pain On 3-4-2008.

49. Policy or standard number 343.326 states that if a resident requests medical attention that they are to be taken to get medical attention. Chance Clyce complained from 3-4-2008 that he needed medical attention, and Hunt County Employee Washington states on an incident report of 3-4-2008 that Chance was walking funny on 3-4-2008, and complaining of pain.
Policy or Standards numbers 343.338, 343.326, were definitely in use by the Hunt County Juvenile Detention Center in March 2008, because, TJJD, TJPC/TYC has them listed on their COMET REPORTS that they check and monitor the Hunt County Juvenile Detention Center by, and they get non-compliances if they do not adhere to these rules, policies, or standards.

Chance Clyce was complaining of pain from 3-4-2008, and not taken to get medical treatment until 3-10-2008 to the Live Oak Clinic in Commerce Texas.

50. Frederick Farley Supervisor and Investigator of formal resident complaints, was contacted about Chance Clyce complaining of pain on 3-6-2008,

although he told on his investigation report that Clyce never complained of pain To any of his employees while he was a resident at the Hunt County Juvenile Detention Center. Frederick Farley was indifferent to Chance Clyce's medical Needs which is a United States Constitutional Right when a minor child under their Protection, in a juvenile detention facility.

## DECLARTORY RELIEF

51. Chance and the class members seek declaratory relief that Defendants conspired to, and did, and continue to, violate their rights under the Constitution of the United States, as described above and summarized above.

52. Chance also seeks declaratory relief that Defendants did violate his own, individual statutory rights under the ADA and Rehabilitation ACT, as well as under the Constitution of the United States, because he was on respirdol, and seeing a psychiatrist for possible borderline bi-polar disease.

53. Chance Clyce and the class members seek all relief allowable by law.

## INJUCTIVE RELIEF

54. Chance Clyce and the class members seek injunctive relief to correct the deficiencies regarding due process, failure to protect, as outlined above.  These damages cause real and lasting injury to the class members.

55. Chance Clyce, Donna Clyce, and Mark Clyce also request Punitive and Compensatory relief.

56. Plaintiffs also seek punitive damages on all claims allowed by law and in such amounts allowed by law.

57. Plaintiffs are entitled to attorneys' fees, costs, and expenses pursuant to

42 U.S.C. § 1988(b) and 42 USC § 12205.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs asks that Defendants be cited to appear and answer and, on final trial, have judgment against Defendants for the following:

a. Actual damages within the jurisdictional limits of the Court

b. Punitive Damages

c. Pre-judgment and post judgment interest as allowed by law.

d. Attorneys' fees , costs, and expenses; and

e. Such other and further relief, whether general or special, at law or in equity,

f. to which Plaintiffs may be justly entitled and which the Court deems appropriate.

g. Grant declaratory and injunctive relief for himself and the class, under federal law, as set out in this Complaint;

h. Grant such other and further relief as appears reasonable and just, to which Plaintiffs may be entitled.

22.

Date: 6/21/2014

Respectfully Submitted,

_Chance Clyce_

Chance Clyce, Plaintiff, Pro Se

9401 Ravenswood Road

Granbury, Texas  76049

682-936-4129

_Donna Clyce_

Donna Clyce, Plaintiff, Pro Se

9401 Ravenswood Road

Granbury, Texas  76049

682-936-4129

_Mark Clyce_

Mark Clyce, Plaintiff, Pro Se

1450 College Parkway

Lewisville, Texas

214-493-9687