IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANCE CLYCE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:15-cv-793-G-BN |
| | § | |
| NADINE BUTLER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On June 24, 2014, Plaintiffs Chance Clyce ("Chance"), Donna Clyce ("Donna"), and Mark Clyce ("Mark") filed a complaint on behalf of themselves and those similarly situated in the Austin Division of the Western District of Texas, seeking damages and declaratory and injunctive relief for claims arising under 42 U.S.C. § 1983. *See* Dkt. No. 1.

On February 25, 2015, United States District Judge Lee Yeakel ordered this matter transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). *See* Dkt. No. 32 (adopting recommendation of

United States Magistrate Judge Andrew W. Austin [Dkt. No. 28]).

Judge Austin's recommendation recounted the similarity between the present action and the previous action that Donna and Mark, individually, and as next friends of Chance, then a minor, prosecuted in this district:

> Chance Clyce was a juvenile detained at the Hunt County Juvenile Detention Center ("Detention Center") in [Greenville], Texas from February 25, 2008, to March 12, 2008. Chance and his parents, Donna Clyce and Mark Clyce (collectively "Clyces") allege that Detention Center staff failed to provide reasonable medical care to Chance for a life-threatening methicillin-resistant staphylococcus aureus ("MRSA") infection, which resulted in Chance undergoing numerous surgical procedures and suffering serious bodily injury.

> On February 23, 2009, the Clyces filed a lawsuit in the Northern District of Texas, Dallas Division, against Hunt County, Texas, the Hunt County Juvenile Board, and numerous individual detention officers, alleging various constitutional violations under 42 U.S.C. § 1983 and claims under the Texas Tort Claims Act. *Clyce, et al. v. Hunt County, Texas, et al.*, 3:09-cv-0351-N. The Northern District of Texas granted the individual defendants' motion for summary judgment based on qualified immunity. *See* Doc. No. 42 in 3:09-cv-0351-N (August 24, 2010). The Northern District also granted Hunt County's and Hunt County Juvenile Board's motion for summary judgment and entered a Final Judgment against the Clyces, finding that they had failed to provide sufficient summary judgment evidence to support a claims of deliberate indifference, failure to train or supervise, or a violation of the Texas Tort Claims Act. *See* Dkt. No. 68 in 3:09-cv-0351-N (August 30, 2011). On March 4, 2013, the Fifth Circuit affirmed these rulings. *See Clyce, et al. v. Hunt County, et al.*, No. 11-10950, 515 F. App'x 319 (5th Cir. 2013). On October 15, 2013, the Supreme Court denied the Clyces' petition for writ of certiorari. 134 S. Ct. 441.

> On June 24, 2014, the Clyces, this time proceeding *pro se*, filed this lawsuit on behalf of themselves "and on behalf of all those similarly situated." In addition to suing the Hunt County Juvenile Detention Center and several of its employees, Plaintiffs also sue the Texas Juvenile Justice Department ("TJJD") and several of its employees. Although Plaintiffs have not invoked any particular statute, it appears that they are once again proceeding under 42 U.S.C. § 1983, this time

in an attempt to pursue a class action. All of Plaintiffs' claims appear
to arise out of the detention of Chance Clyce described above. Plaintiffs
once again allege that Chance Clyce was denied medical care in
violation of his constitutional rights. Plaintiffs also allege that the
Detention Center, TJJD, and their employees failed to properly
investigate abuse allegations against the Detention Center.

*Clyce v. Butler*, No. A-14-cv-588-LY, 2015 WL 225057, at *1 (W.D. Tex. Jan. 15,
2015).

This case was opened in this Court on March 10, 2015. *See* Dkt. No. 34. At
the time that the case was transferred to this district, three motions seeking
dismissal pursuant to either Federal Rules of Civil Procedure 12(b)(1) and/or
12(b)(6) were pending. *See* Dkt. Nos. 19, 20, & 21. Defendant TJJD moved to
dismiss on the grounds that Plaintiffs failed to overcome its entitlement to Eleventh
Amendment immunity. *See* Dkt. No. 19. Defendants Nadine Butler, Kevin Dubose,
Lesly Jacobs, Conrad Jones, and David Reilly, individuals associated with TJJD,
moved to dismiss pursuant to Rule 12(b)(6). *See* Dkt. No. 20. And Defendants
Frederick Farley, Kenneth Wright, and Shanigia Williams, individuals associated
with the Hunt County Juvenile Detention Center, also moved to dismiss, pursuant
to Rules 12(b)(3) and 12(b)(6). *See* Dkt. No. 21. Plaintiffs, then proceeding *pro se*,
filed an opposition to at least one of the motions. *See* Dkt. No. 27.

On June 4, 2015, counsel for Plaintiffs filed an application for admission *pro
hac vice*, *see* Dkt. No. 39, which the Court granted the next day, *see* Dkt. No. 40. On
June 9, 2015, Plaintiffs filed an unopposed motion requesting ten days within which
to file counseled responses to the motions (or a consolidated counseled response to

all motions). *See* Dkt. No. 42. The next day, the Court granted Plaintiffs until June 23, 2015 to file an out-of-time response or responses and granted Defendants leave to reply no later than June 30, 2015. *See* Dkt. No. 43. A consolidated response was filed by Plaintiffs, *see* Dkt. No. 44, but no reply was filed.

The undersigned now concludes that the motion to dismiss filed by Defendants Farley, Wright, and Williams [Dkt. No. 21] should be granted and that Plaintiffs' claims against all defendants should be dismissed with prejudice as barred by the applicable statute of limitations. The Court should therefore also conclude that the other pending motions [Dkt. Nos. 19 and 20] are moot.

### Legal Standards

Failure to State a Claim

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Zephyr Aviation, LLC v. Dailey,* 247 F.3d 565, 573 (5th Cir. 2001) (dismissal for failure to state a claim is generally disfavored in the Fifth Circuit).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). But the pleadings in this context include attachments to the complaint. *See Katrina*, 495 F.3d at 205; *see also Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009) (per curiam) ("It is well

established that, in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint.").

Statute of Limitations

"A statute of limitations defense may be properly raised in a Rule 12(b)(6) motion to dismiss when the complaint affirmatively shows that the claims are time-barred." *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 579 (N.D. Tex. 2005); *see also United States v. Bantau*, 907 F. Supp. 988, 990 (N.D. Tex. 1995) (citing *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958)).

Claims under 42 U.S.C. § 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years" (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("our cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *cf. Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions.").

While the applicable two-year limitations period for this action is borrowed from Texas law, courts "determine the accrual date of a § 1983 action by reference

to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby*, 577 F. App'x at 331-32 ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))).

## Analysis

Defendants Farley, Wright, and Williams move to dismiss in part because they assert that the two-year limitations period has expired. *See* Dkt. No. 21 at 4. Plaintiffs have responded that, at least as to Chance, who was born on February 22, 1995, *see* Dkt. No. 44 at 10, the claims cannot be dismissed as barred by the statute of limitations because, as a minor during the previous litigation, Chance was under a legal disability. *See id.* at 9-10 ("This civil action was filed on June 24, 2014, when Chance was nineteen years old. In Texas, a person who possessed a personal injury cause of action is considered to be under a disability until the person becomes

eighteen. The statute of limitations commences to run once the person becomes eighteen (generally, when a person becomes eighteen, he is emancipated)." (citing TEX. CIV. PRAC. & REM. CODE § 16.001)).

> "The issue of capacity to sue on behalf of an infant is governed by Fed.
> R. Civ. P. 17(b) and (c)." *Chrissy F. by Medley v. Miss. Dep't of Pub.*
> *Welfare*, 883 F.2d 25, 26 (5th Cir. 1989). Pursuant to this rule, "when
> an individual is acting in a representative capacity, their capacity to
> sue shall be determined by the law of the state in which the district
> court is held." *Id.*

*Rice ex rel. CIR v. Cornerstone Hosp. of West Monroe, L.L.C.*, 589 F. App'x 688, 690 (5th Cir. 2014) (per curiam).

"An unemancipated minor has no legal capacity; he may neither enforce nor relinquish rights and," in most instances, he "may only act through his parents." *Johnson v. Ford Motor Co.*, 707 F.2d 189, 193 (5th Cir. 1983) (examining Louisiana law).

> In Texas, a minor is an unmarried person under the age of 18. Texas
> Civil Practice and Remedies Code § 129.001. A minor does not have the
> legal capacity to employ an attorney or anyone else to attend to his
> legal interests. *See Byrd v. Woodruff*, 891 S.W.2d 689, 704 (Tex. App. –
> Dallas 1994, writ dism'd). A minor child cannot sue on his own behalf
> until the incapacity of minority is removed, by age or court order. *Sax
> v. Botteler*, 648 S.W.2d 661, 666 (Tex. 1983). However, a lawsuit may
> be filed on behalf of a minor by a parent, acting as a "[next] friend,"
> provided there is no conflict between the interests of the parent and
> the minor child. *See* Texas Rules of Civil Procedure 44, 173.

*Lee v. Colorado City, Tex.*, No. 1:04-cv-00028, 2004 WL 524923, at *2 n.2 (N.D. Tex. Mar. 4, 2004); *but cf. Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) (a *pro se* plaintiff may not bring Section 1983 claims as "next friend" on behalf of her minor child); *id.* ("the 'vast majority of our

sister circuits' have held that 'non-attorney parents generally may not litigate the claims of their minor children in federal court'" (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005))).

Here, because of Chance's legal disability when Mark and Donna filed the 2009 lawsuit with the assistance of counsel, they sued individually and as Chance's "next friends." *See Clyce v. Hunt Cnty. Juv. Bd.*, No. 3:09-cv-351-N (N.D. Tex.), Dkt. No. 1 at 1.

Parents generally have "standing to bring claims on [their] children's behalf under Rule 17, which provides that a next friend or guardian ad litem may bring claims on behalf of a minor if the minor 'does not have a duly appointed representative.'" *Connor v. Deckinga*, No. 4:10-cv-855-Y, 2011 WL 1527028, at *3 & n.2 (N.D. Tex. Apr. 20, 2011) (quoting FED. R. CIV. P. 17(c)(2), and noting "Texas law is similar in allowing a next-friend suit on behalf of a minor who has no legal guardian." (citing TEX. R. CIV. P. 44)). As to next-friend claims, however, "[t]he next friend is present in a representative capacity only, and the minor remains the real party in interest." *Webb v. Paccar Leasing Co.*, No. 4:09cv211, 2009 WL 1703207, at *1 (E.D. Tex. June 18, 2009), *rec. adopted*, 2009 WL 1812446 (E.D. Tex. June 23, 2009) (quoting *Byrd*, 891 S.W.2d at 704). And, where there is no indication that a next friend lacks "authority to speak for the child," a litigation decision by the next friend "binds the child as well." *Ramirez v. Michelin N. Am., Inc.*, C.A. No. C-07-228, 2007 WL 2126635, at *4 (S.D. Tex. July 19, 2007) (citing *Intracare Hosp. N. v. Campbell*, 222 S.W.3d 790, 798 (Tex. App. – Houston [1st Dist.] 2007) ("[Texas

Rule of Civil Procedure] 44 gives a next friend the same rights as a guardian, which necessarily include the ability to make any decision with respect to a lawsuit on behalf of the ward.")); *but see Webb*, 2009 WL 1703207, at *1 (noting that under Texas law, "to have a binding and conclusive settlement agreement with a minor, the agreement must be approved by the court" (citations omitted)).

In next-friend suits, "the overarching policy concern is that a court protect the interests and rights of the allegedly incompetent individual," and the interests of an incapacitated minor and his self-appointed next friend may not always align, but, "[m]ore commonly, a next friend or guardian acts consistently with the interests of the incompetent party." *Ingram ex rel. Ingram v. Ainsworth*, 184 F.R.D. 90, 92 (S.D. Miss. 1999) (citation omitted). Indeed, where next friend parents litigate on behalf of their minor child, such as was the case when Mark and Donna filed the 2009 lawsuit, it is (1) obvious "why the real party in interest cannot appear on his own behalf to prosecute the action," (2) obvious that the next friends, as parents, "have some significant relationship with the real party in interest," and (3) likely that the next friends are "truly dedicated to the best interests of the person on whose behalf [they seek] to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (discussing the prerequisites for next friend standing); *see also Rice*, 589 F. App'x at 691 ("As a general matter, 'a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state.'" (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL

PRACTICE & PROCEDURE § 1570, p. 665 (2010)) (citing *T.W. & M.W. by Enk v. Brophy*, 124 F.3d 893, 895-96 (7th Cir. 1997))); *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." (citing *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).")))).

Therefore, to the extent that the claims of a minor were previously litigated on his behalf by parent-next friends, represented by counsel and who acted consistently with the interests of the minor, the limitations period as to the minor's claims was not tolled until the minor reaches majority, because the incapacity of minority was remedied by the next-friend proceeding. *See Matter of D.A.S.*, 951 S.W.2d 528, 529 (Tex. App. – Dallas 1997) ("In all legal proceedings, a child is under a legal disability and has no right to bring a cause of action on his own unless this disability has been removed or unless the child is represented by a 'next friend' or guardian ad litem." (citations omitted)), *rev'd on other grounds*, 973 S.W.2d 296 (Tex. 1998); *Fite v. King*, 718 S.W.2d 345, 346 n.2 (Tex. App. – Dallas 1986, writ ref'd n.r.e.) ("A minor child cannot bring a cause of action on its own unless: (1) disability has been removed; (2) it is represented by a 'next friend'; or (3) it is represented by a guardian ad litem" (citations omitted)); *accord Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

*Balaco ex rel. Tapia v. Drummond Co., Inc.*, 640 F.3d 1338 (11th Cir. 2011), in the context of *res judicata*, but equally applicable here, is also instructive. There, the United States Court of Appeals for the Eleventh Circuit remarked that, "[c]ertainly, the mere listing of a child on a complaint as a plaintiff does not alone ensure that the child is a proper party in that suit." *Id.* at 1351. But, there, unlike here, the pleadings in the first litigation did not "allow [the Eleventh Circuit] to conclude that the children-plaintiffs in that case sued either by a 'next friend' or through a guardian ad litem or that the court 'issued another appropriate order' on their behalf." *Id.* ("Although their mothers were also plaintiffs in [*Romero v. Drummond Co., Inc.*, No. 03-cv-00575-BE-2, 2006 WL 5186500 (N.D. Ala. Apr. 19, 2006), *aff'd*, 552 F.3d 1303 (11th Cir. 2008) ("*Drummond I*"),] we cannot presume that they intended to represent their children's separate legal interests because the Notice [of Identities of Plaintiffs] did not indicate that the children were present in the suit 'by and through their mother and next friend.' We have found nothing in the complaint or any other document for which we may take judicial notice that would confirm that the legal interests of the *Drummond I* children were properly represented by a guardian ad litem or other court appointed representative. For this reason, and at this stage of the proceedings when we are confined to the pleadings, we cannot conclude that the Children were also parties to the *Drummond I* suit." (citation omitted)).

Here, it is clear that Chance was a real party in interest when Mark and Donna, through counsel, litigated on his behalf as his next friends in the 2009

action. No conflict was apparent to the Court then, and none is apparent or alleged now. Mark and Donna, with the assistance of counsel, aggressively prosecuted the previous action to summary judgment in this Court and on appeal to the Fifth Circuit. There has been no showing, moreover, that during that litigation Mark and Donna were not "truly dedicated to the best interests of [Chance]." *Whitmore*, 495 U.S. at 163.

Therefore, because Plaintiffs' claims arise under Section 1983, the applicable statute of limitations is two years. *See Piotrowski*, 237 F.3d at 576. Under federal law, the limitations period for Plaintiffs' claims began to run in March 2008 because that was the moment that Plaintiffs became aware of the injuries to Chance that form the basis of this lawsuit. *See id*. Because Plaintiffs initiated this action on June 24, 2014, over two years after the incidents leading to this cause of action, Plaintiffs' claims are barred by the statute of limitations. And no provision of law operated to toll any of Plaintiffs' claims.

As to Plaintiffs' attempt to bring this suit as a class action, although the issue of class certification is not now before the Court, Federal Rules of Civil Procedure 23(a)(4) requires a class representative to fairly and adequately protect the interests of the class. *See Albers v. Hycel, Inc.*, No. 74-H-1423, 1977 WL 15379, at *1 (S.D. Tex. July 21, 1977). The maintainability of a class action may be determined on the basis of the pleadings. *See Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973). The denial of an individual plaintiff's claim, if effective, does not necessarily preclude his serving as an adequate representative. *Roper v. Consurve,*

*Inc.*, 578 F.2d 1106, 1112 (5th Cir. 1978). "The relevant inquiry is whether the plaintiffs maintain a sufficient interest in, and nexus with, the class so as to ensure representation." *Id.* Under this inquiry, because Plaintiffs' claims are barred by the statute of limitations, they do not maintain a sufficient interest in the present case, *see id.*, and are inadequate representatives of the class, *see Percy v. Safeway Stores, Inc.*, No. CA-3-76-1205-F, 1979 WL 152, at *1 (N.D. Tex. Feb. 26, 1979).

Furthermore, claims that are time-barred on the date a plaintiff files a suit "cannot be revived by the commencement of a putative class action." *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F. Supp. 793, 798 (D. Conn. 1977) (citing *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3d Cir. 1975)); *accord Lumpkin v. Coca-Cola Bottling Co. United, Inc.*, 216 F.R.D. 380, 385 (S.D. Miss. 2003) (collecting cases).

As to all defendants, including those not asserting the statute of limitations as a basis to dismiss Plaintiffs' claims, the undersigned recommends dismissal of all claims asserted by Plaintiffs against all defendants and dismissal of the complaint in its entirety. Because the limitations bar prevents Plaintiffs from alleging a plausible cause of action against all defendants named in this complaint, the Court may dismiss *sua sponte* Plaintiffs' complaint in its entirety under Rule 12(b)(6) for failure to state a claim as long as Plaintiffs receive notice of the intention to dismiss and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The 14-day time frame for filing objections to these recommended dismissals provides Plaintiff with notice and an opportunity to

respond. *See Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *4 n.6 (N.D. Tex. Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013); *see also Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 585598, at *10 (N.D. Tex. Feb. 11, 2015) ("[t]he Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants" (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam) (noting that "it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants" (citations omitted)))); *accord Armenta v. Pryor*, 377 F. App'x 413, 414 n.1 (5th Cir. 2010) (per curiam); *McCarty v. Zapata County*, 243 F. App'x 792, 794-95 (5th Cir. 2007) (per curiam); *Patel v. Haro*, 470 F. App'x 240, 245 (5th Cir. 2012) (per curiam).

## Recommendation

The Court should grant the motion to dismiss filed by Defendants Farley, Wright, and Williams [Dkt. No. 21] and dismiss Plaintiffs' claims against all defendants with prejudice as barred by the applicable statute of limitations. The Court should therefore also conclude that the other pending motions [Dkt. Nos. 19 and 20] are moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written

Case 3:15-cv-00793-G-BN   Document 45   Filed 08/12/15   Page 16 of 16   PageID 427


objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 12, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE