UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHANCE CLYCE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-0793-G (BN) |
| NADINE BUTLER, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the court are the plaintiffs' Federal Rule of Civil Procedure 72(a) objections (docket entry 48) to the magistrate judge's findings, conclusions, and recommendation in this case (docket entry 45). For the reasons discussed below, the court **ACCEPTS** the magistrate judge's findings, conclusions, and recommendation.

If a person files objections to a magistrate judge's order, under Federal Rule of Civil Procedure 72(a), the district judge can "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (setting forth the standards of review used in Rule 72(a)). Courts have interpreted this language to create distinct standards of review for findings of fact and conclusions of law. Specifically, "[t]he Court reviews the Magistrate Judge's legal

conclusions *de novo*, and reviews [his] factual findings for clear error." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005) (Lynn, J.) (citing *Lahr v. Fulbright & Jaworksi*, 164 F.R.D. 204, 209-12 (N.D. Tex. 1996) (Fitzwater, J.)).

The district court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objections were made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. The court finds no error in the magistrate judge's order, but supplements the magistrate judge's analysis to address an argument raised by the plaintiffs relating to the tolling of the statute of limitations under TEX. CIV. PRAC. & REM. CODE § 16.001.

Relevant to the objection discussed here, the magistrate judge concluded "to the extent that the claims of a minor were previously litigated on his behalf by parent-next friends, represented by counsel and who acted consistently with the interests of the minor, the limitations period as to the minor's claims was not tolled until the minor reaches majority, because the incapacity of minority was remedied by the next-friend proceeding." Findings Conclusions, and Recommendation of the United States Magistrate Judge ("Magistrate's Recommendation") at 11 (docket entry 45) (citing *Matter of D.A.S.*, 951 S.W.2d 528, 529 (Tex. App. -- Dallas 1997), *rev'd on other grounds*, 973 S.W.2d 296 (Tex. 1998); *Fite v. King*, 718 S.W.2d 345, 346 n.2 (Tex. App. -- Dallas 1986, writ ref'd n.r.e.); accord *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005)). In reaching this result, the magistrate judge reasoned

that "where there is no indication that a next friend lacks 'authority to speak for the child,' a litigation decision by the next friend 'binds the child as well.'" Magistrate's Recommendation at 9 (quoting *Ramirez v. Michelin North America, Inc.*, No. 07-228, 2007 WL 2126635, at *4 (S.D. Tex. July 19, 2007) (citing *Intracare Hospital North v. Campbell*, 222 S.W.3d 790, 798 (Tex. App. -- Houston [1st Dist. 2007], no writ))).

In their objections, plaintiffs argued that this result is contrary to Texas law. Plaintiffs' Objections to the Magistrate Judge's Recommendation ("Plaintiffs' Objections") at 6-20 (docket entry 48). Plaintiffs argued that "the cancellation of disability of tolling is not a consequence of the filing and of a (subsequently) dismissed) [sic] lawsuit by the next friend of a minor or of a mentally incapacitated person." *Id.* at 4 (citing *Weiner v. Wasson*, 900 S.W.2d 316 (Tex. 1995); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 753 (Tex. 1993); *Galveston, Houston & San Antonio Railroad v. Washington*, 25 Tex. Civ. App. 600, 63 S.W. 528 (1901, no writ), *reversed on other grounds*, 94 Tex. 510, 63 S.W. 534 (Tex. 1901)).

TEX. CIV. PRAC. & REM. CODE § 16.001(b) states that "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." The Code provides that persons less than eighteen years of age are legally disabled. TEX. CIV. PRAC. & REM. CODE § 16.001(a)(1). When, as here, a plaintiff was injured when he was thirteen, the two year statute of limitations under TEX. CIV. PRAC. & REM. CODE § 16.003 does

not begin to run until the plaintiff turns eighteen years old. TEX. CIV. PRAC. & REM. CODE § 16.001(a)(1). Because of Chance's legal disability under 16.001(a)(1), Chance's parents, Mark and Donna Clyce, filed the 2009 lawsuit in their capacity as parents and as Chance's "next-friends." *See* Magistrate's Recommendation at 8-9.

Plaintiffs argued that the act of filing this lawsuit by a next friend of a person under a legal disability did not affect the tolling of the limitations, and that Chance can now file another lawsuit in his own capacity since he reached the age of majority, despite the fact the previous 2009 lawsuit reached a resolution on the merits. Plaintiffs' Objections at 6-20 (citing *Weiner*, 900 S.W.2d at 320 (concluding that the "the failure of a parent to bring suit on behalf of a minor, a person under legal disability, does not affect the tolling of limitations); *Ruiz*, 868 S.W.2d at 756 (concluding that "the mere commencement of a lawsuit by, or on behalf of, a legally incapacitated individual is, considered alone, insufficient to deny the protection of the tolling provision")).

This case, however, is distinguishable from the cases on which plaintiffs rely. First, in *Weiner*, the mere fact that Wasson had a parent capable of bringing a suit while he was a minor did not require the cancellation of the disability tolling. 900 S.W.2d at 319-20. Second, in *Ruiz*, the two suits that had been filed on behalf of Ruiz were dismissed for discovery abuse and want of prosecution, respectively. 868 S.W.2d at 753. In both *Weiner* and *Ruiz*, the disabled plaintiff either did not file a

lawsuit, was not competently represented by counsel, or did not have his case resolved on the merits. *Ruiz*, 868 S.W.2d at 753; *Weiner*, 900 S.W.2d at 320. Further, in *Ruiz*, the Texas Supreme Court did not conclude that an action commenced on behalf of a legally disabled individual could not give preclusive effect, only that the case before it was not one where the disabled individual was adequately represented or protected by the cancellation of the tolling provision. 868 S.W.2d at 756.

Here, as the magistrate concluded, the 2009 next-friend action brought by Chance Clyce's parents was "aggressively prosecuted" to "summary judgment in this Court and on appeal to the Fifth Circuit," there was no apparent conflict of interest between Chance and his parents, and there was no criticism introduced regarding the adequacy of Chance's legal counsel. Magistrate's Recommendation at 12-13. In *Ramirez*, the court concluded that the next-friend's decisions in litigating on behalf of the disabled individual binds the disabled individual, where there was no evidence or argument challenging the next-friend's decision-making authority or sincerity in the prior suit. 2007 WL 2126635, at *4 (citing *Intracare Hosp.*, 222 S.W.3d at 798). The courts need to protect disabled individual's interests in not cancelling the tolling provisions where a "next friend's lack of due diligence may operate to bar a minor child's open courts challenge." *Tenet Hospitals Limited v. Rivera*, 445 S.W.3d 698, 704 (Tex. 2014) (Nov. 21, 2014). However, where the disabled plaintiff "appear[ed] by

next friend and individually" and the court determined the legitimacy of the claims on the merits, the court has adequately protected the interests and rights of the disabled individual.  See *West v. Moore*, 116 S.W.3d 101, 110 (Tex. App. -- Houston [14th Dist.] 2002, no writ).  Allowing the plaintiffs to sue again here would give them a second opportunity to litigate the merits of essentially the same lawsuit.  *See* Magistrate's Recommendation at 2-3.  A determination on the merits in a lawsuit by a next friend "binds the child as well," because the incapacity of minority was remedied by the next-friend proceeding.  *Ramirez*, 2007 WL 2126635, at *4 (citing *Intracare*, 222 S.W.3d at 798); *Matter of D.A.S.*, 951 S.W.2d at 529.

    The court reviewed all objections *de novo*, but elected to only respond to plaintiffs' tolling of the statute of limitations objection to elaborate on the magistrate judge's legally correct reasoning.  Finding no error, the court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge.

    **SO ORDERED**.

September 14, 2015.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**