IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHANCE CLYCE, ET AL.,           §

             §

     Plaintiffs,           §

             §

V.              §      No. 3:15-cv-793-G-BN

             §

NADINE BUTLER, ET AL.,           §

             §

     Defendants.         §

## ORDER REGARDING LEAVE TO AMEND

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish.

After Defendants filed court-ordered supplemental briefing on their motion to dismiss, asserting that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata (or claim preclusion), *see* Dkt. No. 63; *see also* Dkt. No. 57, Plaintiffs moved for leave to amend their complaint – that motion was accompanied by the required joint status report, *see* Dkt. Nos. 64 & 65.

Plaintiffs, now represented by counsel, assert that leave to amend their *pro se* complaint is proper for several legitimate reasons, including that several parties should be dismissed and that their class-action allegations should be removed. *See id.* But, while leave to amend should be "freely" given "when justice so requires," FED. R. CIV. P. 15(a), a district court need not grant a futile motion to amend, *see Legate v.*

*Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted). "[A]n amendment is considered futile if it would fail to state a claim upon which relief could be granted" under the Rule 12(b)(6) standards. *Id.*

Therefore, before determining whether leave to amend is proper, the Court should consider whether this action should be dismissed under the doctrine of res judicata. Particularly considering that the complaint was filed *pro se*, that analysis is guided by the facts alleged in the complaint, not the legal theories attached to those facts – because dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346; *see, e.g., Townsend v. N.J. Transit*, No. 11-cv-6492, 2012 WL 3929391, at *1 (D.N.J. Sept. 7, 2012) ("After viewing all factual allegations in the Complaint as true, and after construing Plaintiff's claims more liberally due to his *pro se* status, relitigation is barred under the doctrine of res judicata or claim preclusion." (citation omitted)); *see also Abiodun v. Gonzales*, No. 07-cv-00278-MEH-PAC, 2007 WL 1795867, at *1 (D. Colo. June 21, 2007) ("Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" (citation omitted)).

Accordingly, the Court DEFERS its consideration of the motion for leave to amend until its receipt and review of Plaintiffs' supplemental briefing, to be filed no later than **February 26, 2018**. *See* Dkt. No. 57.

SO ORDERED.

DATED: February 13, 2018

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE