IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANCE CLYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-793-S-BN |
| | § | |
| FREDERICK FARLEY, KENNETH | § | |
| WRIGHT, and SHANGIA WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

The United States Court of Appeals for the Fifth Circuit reversed the Court's judgment dismissing this case [Dkt. No. 78] and remanded the case for further proceedings consistent with its opinion, *see* Dkt. Nos. 80 & 81. And United States District Judge Karen Gren Scholer referred this case to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 82.

Plaintiff Chance Clyce then moved for leave to file an amended complaint against Defendants Frederick Farley, Kenneth Wright, and Shangia Williams, in their individual capacities. *See* Dkt. No. 95. And Defendants responded. *See* Dkt. No. 97.

Where a party may no longer amend a pleading as a matter of course, *see* FED. R. CIV. P. 15(a)(1), but – on the other end of the continuum – if no court-imposed deadline by which to amend has expired, *see* FED. R. CIV. P. 16(b)(4); *Shepherd v. City of Shreveport*, 920 F.3d 278, 287-88 (5th Cir. 2019),

> [l]eave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a). "[U]nless there is a substantial reason, such as undue

delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotations omitted). Similarly, "[a] district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

*Petty v. Great West Cas. Co.*, 783 F. App'x 414, 414-15 (5th Cir. 2019) (per curiam) (citation modified); *compare Martin's Herend Imps.*, 195 F.3d at 770 ("In the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" (citation omitted)), *with Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (citation omitted)).

The Court has reviewed the proposed amended complaint and Defendants' response and, particularly given the current posture of this proceeding, finds that no substantial reason prevents the granting of leave to file an amended complaint. The Court therefore GRANTS Clyce's motion for leave to amend [Dkt. No. 95] and DIRECTS the Clerk to docket Dkt. No. 95-2 as the First Amended Complaint.

SO ORDERED.

DATED: June 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 2 -